UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUSTIN NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:02-cv-1705-DFH-VSS |
| ) | |
| GENERAL MOTORS CORP., ) | |
| ) | |
| Defendant. ) | |

ENTRY ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS

Plaintiff Rustin Nelson alleges that his employer, defendant General Motors Corporation, violated the Family and Medical Leave Act by refusing to recognize certain absences as protected by the Act. The case is now before the district judge on plaintiff's objections to decisions by Magistrate Judge Shields authorizing defendant to conduct discovery of his medical records. As explained below, the court affirms the decisions of Judge Shields in all respects.

In her initial decision on June 17, 2004, Magistrate Judge Shields granted defendant's motion to compel and denied plaintiff's motion for a protective order regarding discovery of plaintiff's medical records. Judge Shields also granted defendant General Motors' motion for sanctions (in an amount to be determined later) and denied plaintiff's motion for sanctions.

Rule 72(a) of the Federal Rules of Civil Procedure requires that objections be filed within 10 days after service of the magistrate judge's order. Within ten working days, on June 29, 2004, plaintiff filed a motion to reconsider the June 17 order. The motion to reconsider did not state that it was an objection pursuant to Rule 72(a), so the motion was directed to Judge Shields. After further briefing, in an order dated September 14, 2004, Judge Shields granted the motion to reconsider with respect to the issue of sanctions, which she deferred for further decision later in the case. She denied the motion to reconsider on the issue of discovery of plaintiff's medical records. Pursuant to Rule 72(a), plaintiff then filed a timely objection to the order of September 14 denying in part his motion to reconsider.

At the threshold, the court faces an issue as to the timeliness of plaintiff's objections and the applicable standard of review. General Motors contends that plaintiff has waived any right to seek review of the June 17 order because he failed to file a timely objection under Rule 72(a). General Motors also contends that plaintiff's motion to reconsider was properly denied because the Federal Rules of Civil Procedure do not permit a party to seek reconsideration of a Magistrate Judge's order.

Contrary to General Motors' argument, the court does not believe the motion to reconsider was improper. The Federal Rules of Civil Procedure do not expressly permit or prohibit a motion asking a magistrate judge to reconsider her order.

Interlocutory orders are ordinarily subject to being reconsidered, though the courts are naturally inclined not to revisit issues without good reason. Here the motion to reconsider had enough merit to convince Judge Shields to take the issue of sanctions under further advisement.

Plaintiff's decision to ask Judge Shields to reconsider her decision, without promptly filing objections under Rule 72(a), poses a problem for the scope of review here. May the court review the original June 17 order, or is review limited to denial of the motion to reconsider? From one perspective, the problem is similar to that posed when a party fails to take a timely appeal from a district court's final judgment but files a motion under Rule 60(b) and then appeals the denial of that motion. The Rule 60(b) motion does not become a vehicle for merely extending the time to appeal the original decision. Instead, the only decision subject to review is the denial of relief under Rule 60(b). See, *e.g.*, *Castro v. Board of Education*, 214 F.3d 932, 934 (7th Cir. 2000) (limiting review to whether district court abused discretion in denying relief under Rule 60(b)); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (same); accord, *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 263-65 (1978) (holding court of appeals lacked jurisdiction to review district court's original decision, but was limited to reviewing denial of relief under Rule 60(b)).

On the other hand, it could be argued that plaintiff's motion to reconsider should be treated like a timely motion under Rule 59(e), which extends the time

for appeal of the district court's final judgment until the motion is decided. Under that approach, Judge Shields' original order of June 17 would be subject to review under the Rule 72(a) standard, for being clearly erroneous or contrary to law.

The standard of review makes no difference here, so the court does not need to sort out this minor procedural tangle. The more stringent standard of Rule 72(a) authorizes reversal if the magistrate judge's order is "clearly erroneous or contrary to law." Judge Shields' thoughtful original order compelling disclosure of plaintiff's medical records easily passes muster under this standard, as does her denial on the motion to reconsider. Neither decision was an abuse of discretion.

The central claim on the merits here is that General Motors violated plaintiff's rights under the Family and Medical Leave Act by refusing to recognize certain absences as protected by the FMLA. Plaintiff alleges that he suffers from migraine headaches that render him unable to work at random and unpredictable times, making advance notice of FMLA leave impossible. He objects to discovery of his medical records, however, on the theory that General Motors is estopped from challenging his physician's declarations that he was unable to work at the relevant times because of a serious health condition. Plaintiff bases his argument on 29 U.S.C. § 2613, which sets forth requirements for an employee's certification of a serious health condition from a health care provider. Section 2613(c) gives an employer the right to secure a second opinion from another health care

provider (who is not employed regularly by the employer). Section 2613(d) then provides a mechanism for resolving disagreements by obtaining a third opinion, which is deemed final.

Plaintiff contends that General Motors failed to exercise its rights under § 2613(c) and should be deemed estopped from disputing whether he suffered from a serious health condition. Plaintiff's position is supported by *Miller v. AT & T*, 60 F. Supp. 2d 574, 580 (S.D. W. Va. 1999), *aff'd on other grounds*, 250 F.3d 820, 836 & n.13 (4th Cir. 2001); *Sims v. Alameda-Contra Costa Transit Dist.*, 2 F. Supp. 2d 1253, 1263-65 (N.D. Cal. 1998); and *Smith v. University of Chicago Hospitals*, 2003 WL 22757754, *8-9 (N.D. Ill. Nov. 20, 2003) (granting employee's motion for summary judgment on issue of entitlement to FMLA leave where employer chose not to use the second and third opinion procedure).

General Motors and Judge Shields relied on decisions by the Fourth and Eighth Circuits rejecting such estoppel and treating the second opinion mechanism as merely permissive. See *Rhoads v. FDIC*, 257 F.3d 373, 385 (4th Cir. 2001); *Stekloff v. St. John's Mercy Health Systems*, 218 F.3d 858, 860 (8th Cir. 2000). The Seventh Circuit has not addressed this issue squarely, though Judge Young recently explained that the Seventh Circuit's decision in *Kariotis v. Navistar Int'l Transportation Corp.*, 131 F.3d 672, 675 (7th Cir. 1997), seems more in line with the decisions rejecting estoppel. The Seventh Circuit in *Kariotis* considered evidence of an employer's surveillance of an employee showing that she was not

in fact disabled. See *Crouch v. Whirlpool Corp.*, 2005 WL 1528200, *4-5 (S.D. Ind. June 20, 2005) (granting summary judgment for employer who fired employee after considering surveillance evidence).

On the merits, plaintiff's estoppel argument is fairly debatable, as indicated by the conflicting opinions cited above. On the merits, therefore, this court may need to confront the issue it avoided in *Dowell v. Indiana Heart Physicians, Inc.*, 2004 WL 3059788, *5 & n. 1 (S.D. Ind. Dec. 22, 2004) (not reaching estoppel issue because plaintiff's certification for leave was facially insufficient).

At this stage of the case, however, the issue is whether the records are discoverable. Judge Shields' answer to that question was clearly correct. Under Rule 26(b)(1), a party may obtain discovery of matters "relevant to the claim or defense of any party," so long as the discovery appears "reasonably calculated to lead to the discovery of admissible evidence." General Motors' request for plaintiff's medical records is reasonably calculated to lead to discovery of admissible evidence, though the court may need to decide later whether the evidence is admissible. If and when that decision needs to be made, both the parties and the court should know what the evidence would actually show, rather than fencing against unknown shadows and possibilities. See *Dowell*, 2004 WL 3059788, at *4 (denying motion for protective order to block discovery of medical records that could be subject to estoppel argument in FMLA case).

The court has considered the parties' other arguments and sees no other basis for disturbing Judge Shields' order of June 17, 2004 and September 14, 2004. Accordingly, plaintiff's objections to Judge Shields' orders of June 17, 2004 and September 17, 2004 are hereby overruled.

So ordered.

Date: July 27, 2005

*David F. Hamilton*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kelley Bertoux Creveling
BAKER & DANIELS
kbcrevel@bakerd.com

Cheryl Renee Hankerson
LITTLER MENDELSON, P.C.
chankerson@littler.com

David Anthony Kadela
LITTLER MENDELSON
dkadela@littler.com

Douglas L. Krasnoff
douglaskrasnoff@yahoo.com

John T. Neighbours
BAKER & DANIELS
jtneighb@bakerd.com