UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RUSTIN NELSON,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )   CASE NO. 1:02-cv-1705-DFH-VSS
                                        )
GENERAL MOTORS CORP.,                   )
                                        )
                    Defendant.          )

ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Rustin Nelson is employed by General Motors Corp. at its Allison Transmission Plant as a job setter coordinator.  Nelson alleges that, from January to June 2002, GM interfered with his statutory right to medical leave pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and retaliated against him for opposing practices unlawful under the Act.  Nelson has suffered for years from a chronic vulnerability to incapacitating migraine headaches.  The central issue here is whether the FMLA requires GM to allow Nelson to take FMLA leave for periods as short as part of a shift, so that Nelson may arrive late and leave early as needed to cope with his migraines.  GM apparently has provided such accommodation since June 2002, but this lawsuit concerns only events from January to June 2002.  The central issue on the merits has been obscured by disputes concerning the process of certifying the medical necessity for FMLA leave.

GM has moved for summary judgment on all claims.  Nelson has filed a motion for partial summary judgment on his interference claim.  With one exception for one issue, both parties' motions are denied because the evidence is in conflict on many material issues and because the evidence can support conflicting inferences.

Before 2002, GM had recognized that Nelson's migraines amounted to a serious health condition that often required him to be absent from work without warning, and it approved FMLA leave for such incidents.  At least during the first half of 2002, GM took the position that Nelson's FMLA leave had to be used in units of at least a full work shift.  The exception to the denial of the motions for summary judgment is that the undisputed facts show that the first certification Nelson submitted seeking approval for shorter periods of FMLA leave did not include a statement from Nelson's physician indicating that such shorter periods of leave were necessary or appropriate.  The first certification listed Nelson's likely episodes of incapacity as "24 hour periods up to 12 per month" and his likely absences due to treatment as "24 hours at a time with up to 12 episodes per month." Nelson Dep. Ex. F.  The first certification thus requested leave for periods of at least 24 hours at a time.

Disputed issues of fact preclude summary judgment for either party as to any other issues, however, including how GM handled its requests for certification of medical necessity for shorter absences, whether the second and third

certifications should have been sufficient to support FMLA leave for portions of a work shift, and whether GM gave Nelson a reasonable opportunity to cure deficiencies in his FMLA certifications.  Also, there are factual issues about GM's motives and reasons for some of the actions it took in handling Nelson's requests.

The court will conduct a scheduling conference on **Thursday, April 20, 2006, at 9:15 a.m.** in Room 330, Birch Bayh U.S. Courthouse, Indianapolis, Indiana.  At that conference, counsel should be prepared to address the extent to which Mr. Nelson might be entitled to any relief if he succeeds in proving that GM took any actions contrary to the FMLA.  The record seems to indicate that the only adverse actions taken against Mr. Nelson were two letters of reprimand that were removed through a union grievance process.  See generally, *e.g.*, *Harrell v. United States Postal Service*, 415 F.3d 700, 714-15 (7th Cir. 2005), *vacated and rehearing granted on other grounds* (7th Cir. Nov. 1, 2005) (affirming summary judgment for employer on claim for FMLA violation that did not cause any harm to plaintiff); *Harris v. Potter*, 310 F. Supp. 2d 18, 21-22 (D.D.C. 2004) (dismissing FMLA and other employment claims where only adverse action had been a warning letter that had later been rescinded).

So ordered.

Date: March 28, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kelley Bertoux Creveling
BAKER & DANIELS
kbcrevel@bakerd.com

Cheryl Renee Hankerson
LITTLER MENDELSON, P.C.
chankerson@littler.com

David Anthony Kadela
LITTLER MENDELSON, P.C.
dkadela@littler.com

Douglas L. Krasnoff
douglaskrasnoff@yahoo.com

John T. Neighbours
BAKER & DANIELS
jtneighb@bakerd.com